NEHEMIAH GONZALEZ,    )
        )
    Plaintiff,    )
        )
v.    )    Case No. 1:25-cv-00052-TRM-CHS
        )
JEFFERY TORREZ, et al.,    )
        )
    Defendants.    )

## REPORT AND RECOMMENDATION

### I.    Introduction

This is an action brought under 42 U.S.C. § 1983 for alleged violations of various constitutional rights arising from a traffic stop on October 28, 2024, of a vehicle in which Plaintiff Nehemiah Gonzalez was a passenger. [Doc. 2]. Plaintiff, *pro se*, is proceeding *in forma pauperis* in this action. [Doc. 8]. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis*—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A and 1915(e)(2). For the reasons stated herein, the Court **RECOMMENDS** that: (1) Plaintiff's claim for malicious prosecution be **DISMISSED WITHOUT PREJUDICE**; and (2) Plaintiff's claim for excessive use of force **SURVIVE SCREENING**.

### II.    Background

Plaintiff brought this action under 42 U.S.C. § 1983 on February 18, 2025, alleging Defendants violated his constitutional rights through excessive use of force and malicious prosecution. [Doc. 2 at 4]. Plaintiff states that he was riding in an Uber that "was pulled over by Officer Christopher McCurry." [*Id.* at 5]. Plaintiff then states that he jumped out of the vehicle and

ran due to fear because "multiple police cars seem[ed] to come from everywhere." [*Id.*]. Plaintiff "then hid in the office of [a] hotel lobby where [he] was later found by Knoxville police [] and arrested." [*Id.*]. Plaintiff alleges that Officers Parker Barnes and Jeffery Torrez "made false claims" about observing Defendant toss away a gun during the chase on foot, which led to federal charges. [*Id.* at 4, 6-7].

## III.    Discussion

### A.    Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (cleaned up)). Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267,  270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than

"unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (brackets in original) (quoting *Twombly*, 550 U.S at 557). Rather, the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Analysis

Plaintiff alleges violations under 42 U.S.C. § 1983 for: (1) malicious prosecution against Officers Barnes and Torrez; and (2) excessive use of force against Officers Barnes, Torrez, and McCurry. The Court will address these claims *seriatim*.

### 1. Malicious Prosecution

In the Sixth Circuit, a Section 1983 claim for malicious prosecution has four elements: "(1) the defendant made, influenced, or participated in the decision to prosecute; (2) the government lacked probable cause; (3) the proceeding caused the plaintiff to suffer a deprivation of liberty; and (4) the prosecution ended in the plaintiff's favor." *Lester v. Roberts*, 986 F.3d 599, 606 (6th Cir. 2021) (internal quotes omitted). Plaintiff has not alleged that the charges brought against him ended in his favor. Therefore, Plaintiff cannot satisfy the fourth element and has not stated a viable claim for malicious prosecution.

### 2. Excessive Use of Force

> A claim that a law enforcement officer used excessive force during a stop or arrest is analyzed under the Fourth Amendment. The touchstone of the Fourth Amendment is reasonableness, as measured in objective terms. So the question in a case like this one, as this Court has often held, is whether the force deployed was justified from the perspective of a reasonable officer on the scene, taking due account of both the individual interests and the governmental interests at stake.

*Barnes v. Felix*, 605 U.S. 73, 79 (2025).

In the Sixth Circuit, "pointing a gun at an unarmed suspect who is not fleeing or posing a risk to police officers may be an objectively unreasonable use of force." *Wright v. City of Euclid, Ohio*, 962 F.3d 852, 870 (6th Cir. 2020) (quoting *Saad v. City of Dearborn*, No. 10-12635, 2011 WL 3112517, at *5 (E.D. Mich. July 26, 2011), *aff'd sub nom. Saad v. Krause*, 472 F. App'x 403 (6th Cir. 2012)). Plaintiff claims that all three officers "used excessive force against [him]," when they pulled over the Uber and "[o]fficers jumped out of their patrol cars with their guns drawn." [Doc. 2 at 5]. Plaintiff states that he subsequently fled out of fear. [*Id.*]. However, at the time the officers drew their guns Plaintiff was not fleeing. [*See id.*]. Plaintiff also states that he was merely a passenger in the Uber, not the driver. [*Id.* at 4]. Thus, Plaintiff claims he was not posing a risk to police officers at the time the officers drew their guns. [*See id.* at 4-5]. Therefore Plaintiff has stated a plausible claim for excessive use of force against Officers Barnes, Torrez, and McCurry.

## IV.    CONCLUSION

For the reasons stated herein, it is **RECOMMENDED**[1] that:

1.    Plaintiff's claim for malicious prosecution be **DISMISSED WITHOUT PREJUDICE**.

2.    Plaintiff's claim for excessive use of force **SURVIVE SCREENING** because Plaintiff has stated a potentially viable claim upon which relief can be granted.

3.    The Clerk of Court issue service packets to Plaintiff to complete and return to the Clerk of Court.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE